Han v. Whitaker

BIA
Rohan, IJ
A205 813 593

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand nineteen.

PRESENT:
DENNIS JACOBS,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*
_____

YONGHUAN HAN,
*Petitioner,*

v.                                                    17-1473
                                                      NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:          Louis H. Klein, The Kasen Law
                         Firm, PLLC, Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Linda S.
                         Wernery, Assistant Director;
                         Gerald M. Alexander, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yonghuan Han, a native and citizen of the People's Republic of China, seeks review of an April 10, 2017 decision of the BIA affirming a September 1, 2016, decision of an Immigration Judge ("IJ") denying Han's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yonghuan Han,* No. A 205 813 593 (B.I.A. Apr. 10, 2017), *aff'g* No. A 205 813 593 (Immig. Ct. N.Y. City Sept. 1, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review adverse credibility determinations under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The inconsistencies within Han's own statements and between her testimony and her husband's letter provide substantial evidence for the adverse credibility determination. "[A] material inconsistency in an aspect of [the applicant]'s story that served as an example of the very persecution from which [s]he sought asylum" can provide substantial evidence for an adverse credibility ruling. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (quoting *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005)). The agency reasonably concluded that Han was not credible because her written statement and testimony provided inconsistent descriptions of her main allegation of past

3

persecution. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye*, 446 F.3d at 295. Han's written statement reported that she went to the hospital by herself to have an abortion because of pressure from her employer and family planning authorities. However, she testified that five women came to her house and took her by force to the hospital. Han's testimony also introduced inconsistency about the details of the procedure itself. She testified that her hands were tied to the bed, which contradicted her written statement, which reported that she bit her fingers during the abortion.

The agency was not required to accept Han's explanation that she had trouble expressing herself in writing, given that the written statement was detailed and Han was represented by counsel when she prepared it. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks and citations omitted)). When asked to explain the inconsistency regarding whether her hands were tied down during the abortion, Han stated that the restraint

4

used was not tight and that she could move her arms.  The IJ was not required to accept this explanation and reasonably came to a different conclusion, particularly as the IJ witnessed Han's demonstration of how her hands were tied. *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) (explaining that we defer to the IJ when competing inferences can be drawn from the evidence).

Finally, the letter from Han's husband did not rehabilitate her credibility because it implied that they opted for the abortion for economic reasons and did not reference any use of force.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Because Han's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court